911 F.2d 734
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arnold J. SOUTHERS, Plaintiff-Appellant,
v.
Luther TOWNLEY, Darnetta Brown, Dr. Robert Bernstorf,
Charlene Walls, Herman Davis, Stephen Norris,
Defendants-Appellees.
 No. 89-6383.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1990.
 
 1
 Before WELLFORD and SUHRHEINRICH, Circuit Judges, and HOLSCHUH, Chief District Court Judge.*
 
 ORDER
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Arnold J. Southers appeals the dismissal of his civil rights complaint filed under 42 U.S.C. Sec. 1983. Seeking declaratory relief, injunctive relief, and monetary damages, Southers alleged that the defendant prison officials and Dr. Bernstorf, a contract physician at the Morgan County Regional Correctional Facility (MCRCF), denied him medical care and treatment and exposed him to cruel and unusual punishment while an inmate at MCRCF. Specifically, he claimed that he suffers from a cardiovascular condition and that because of this he needed to be in a smoke-free and snore-free environment. The district court concluded that plaintiff did not establish that the defendants were deliberately indifferent to his serious medical needs, that the conditions of plaintiff's confinement did not involve an unnecessary and wanton infliction of pain, and that the defendants were entitled to qualified immunity. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Rhodes v. Chapman, 452 U.S. 337, 345-47 (1981); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Anderson v. Creighton, 483 U.S. 635, 640 (1987).
 
 
 4
 Upon consideration, we conclude that the district court properly granted summary judgment as this case presented no genuine issue of material fact and the defendants were entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Accordingly, the district court's order is affirmed for the reasons stated in the district court's memorandum opinion of September 29, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John D. Holschuh, Chief U.S. District Judge for the Southern District of Ohio, sitting by designation